THE PRESIDENT, DIRECTORS & COMPANY OF THE OXFORD BANK *vs.* LARNED DAVIS.

The indorser of a bill of exchange, for the accommodation of the drawer, payable in six months from date, is liable as indorser upon non-payment and notice, although the bill is not presented for acceptance, and protested for non-acceptance, and notice thereof given to the indorser, until five months after its date.

THIS was an action, brought by a writ dated May 5th, 1848, on a bill of exchange drawn by Lyman P. Low, of Oxford, on Farnum, Newhall and company, of Philadelphia, for $1500, dated September 4th, 1847, payable to the order of Larned Davis, the defendant, in six months from date, and indorsed by him and delivered to the plaintiffs. The case was submitted to the court upon the following agreed statement of facts: —

The bill was indorsed by the defendant, for the accommo-

dation of Low; was discounted by the plaintiffs on the 4th of September, 1847; was sent to the Suffolk bank at Boston (the plaintiff's agents) for acceptance and collection in Philadelphia; and was kept by the Suffolk bank for about five months, being mislaid, without being presented to the drawee for acceptance, or any notice of the non-acceptance given to the defendant.

In November, 1847, Low went into insolvency in this state, after Farnum, Newhall and company had accepted and paid other paper for him, some of which was indorsed by the defendant, and passed through the Oxford and Suffolk banks, while the bill in question was so mislaid. The latter was presented in Philadelphia, on the 16th of February, 1848, for acceptance, protested for non-acceptance, and notice thereof given. A few days afterwards the Suffolk bank directed notice of the non-acceptance to be given to the defendant. It is a general custom, where banks receive bills as above stated, to forward them immediately for acceptance.

The plaintiffs, since the presentment for acceptance and protest for non-acceptance, have proved the bill as a claim against the estate of Low, the drawer. The defendant had no notice, until after the expiration of the five months during which the bill was mislaid, that it had not been immediately presented and accepted.

The bill was also presented to Farnum, Newhall and company, on the 7th of March, 1848, for payment, and payment thereof was refused. It was then protested for non-payment, and notice given to the defendant.

*C. D. Bowman*, for the plaintiffs, cited Bayley on Bills, (Phil. & Sew. ed. 1836,) 212; Molloy, B. 2, *c.* 10, § 16; Beawes, § 266, p. 453; Chit. Bills, (1st ed.) 76; *O'Keefe* v. *Dunn*, 6 Taunt. 305; *Blesard* v. *Hirst*, 5 Burr. 2670; *Goodall* v. *Dolley*, 1 T. R. 712; *Bachelor* v. *Priest*, 12 Pick. 399, 406; *Fall River Union Bank* v. *Willard*, 5 Met. 216, 220; *Lenox* v. *Leverett*, 10 Mass. 1, 5, Rand's note; *Lenox* v. *Cook*, 8 Mass. 460.

*I. M. Barton* and *P. C. Bacon*, for the defendant, referred to 1 U. S. Dig. 426, and 1 U. S. Dig. Sup. 290, 293.

BY THE COURT. The plaintiffs are entitled to judgment.